## Levin v. Angello et ux.

*Sydelle B. Hyman,* for plaintiff; *Charles J. Buffalino,* for defendants.

VALENTINE, J., August 28, 1931.—On May 3, 1931, plaintiff issued a writ of replevin against the defendants for the recovery of certain articles of personal property. At the time of the issuance of the writ, plaintiff filed a bond conditioned that he should maintain his title or pay to the party thereto entitled the value of said goods and chattels and all legal costs, fees and damages which the defendant or other person to whom such goods or chattels so replevied belonged might sustain "by reason of the issuance of such writ of replevin."

Service of the writ was not effected before the return day, and on July 15, 1931, plaintiff issued an alias writ. No bond was filed at the time of its issuance.

Section one of the Replevin Act of April 19, 1901, P. L. 88, provides:

"Before any writ of replevin shall issue out of any court of this Commonwealth, the person applying for said writ shall execute and file with the pro-

thonotary of the said court a bond to the Commonwealth of Pennsylvania, for the use of the parties interested, with security in double the value of the goods sought to be replevied, conditioned that if the plaintiff or plaintiffs fail to maintain their title to such goods or chattels he or they shall pay to the party thereunto entitled the value of said goods and chattels, and all legal costs, fees and damages which the defendant or other persons to whom such goods or chattels so replevied belong may sustain by reason of the issuance of such writ of replevin."

Section nine of the act provides: "Alias and pluries writs of replevin may be issued if the goods and chattels be not taken or all the defendants named be not served, and the cause may proceeed against defendants in fact served, though the goods and chattels be not found."

The question involved is whether the provision of section one of the act relative to the furnishing of a bond applies to alias and pluries writs as well as to the original writ. This question was answered in the affirmative by Judge Ralston in National Cash Register Co. v. Wilmore, 11 Dist. R. 651.

In the instant case the bond furnished restricted the liability of the obligors to costs, fees and damages which might be sustained "by reason of the issuance" of the particular writ of replevin therein referred to. By its very language the bond applied only to the writ therein designated and had no application to any writ that might subsequently be issued. It follows that the rule should be made absolute.

The rule of July 17, 1931, to show cause why the alias writ of replevin should not be quashed is made absolute and said writ quashed.

From Frank P. Slattery, Wilkes-Barre, Pa.